# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY DANA HASTINGS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DAVE DAVEY[1],<br><br>　　　　Respondent. | Case No. 1:14-cv-01271-LJO-GSA (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND RESPONDENT'S MOTION TO DISMISS (ECF NO. 15) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

Petitioner challenges his 2011 conviction sustained in the Kern County Superior Court for murder and attempted murder while a member of a criminal street gang. Petitioner was sentenced to three consecutive terms of life without the possibility of parole, plus six consecutive terms of twenty-five years to life, plus three consecutive terms of seven years to life, plus a total determinate term of forty-three years. (LD[2] 3).

Petitioner appealed to the California Court of Appeal Fifth Appellate District. (LD 2). On April 29, 2013, the Fifth Appellate District reversed the conviction on count 10 and instructed the superior court to correct a clerical error in the abstract of judgment, but otherwise

---

[1] The Court substitutes Dave Davey as the Respondent in this action. Dave Davey is now the warden of California State Prison-Corcoran, where Petitioner is in custody.
[2] "LD" refers to the documents lodged by the Respondent with the Court on January 20, 2015.

1

1  affirmed the convictions and judgment. (LD 3).

2  On June 11, 2013, Petitioner filed a petition for review in the California Supreme Court.
3  (LD 4). On August 14, 2013, the California Supreme Court denied the petition for review. (LD
4  5). Petitioner has not filed any habeas petitions in state court.

5  On August 13, 2014, Petitioner filed the instant petition for writ of habeas corpus. He
6  raises the following three claims in his federal petition: 1) Prosecution's destruction of the photo
7  line-up, which was exculpatory evidence, violated his due process rights; 2) Prosecution's
8  improper use of recorded and transcribed jail house informant audio violated his rights; and 3)
9  DNA testing was negative for Petitioner's DNA on the bag of marijuana and the fence, so the
10 DNA testing did not establish that Petitioner was involved in the crimes.

11 On January 16, 2015, Respondent filed a motion to dismiss because Petitioner has not
12 exhausted his second and third claims. (ECF No. 15). Petitioner did not file an opposition or
13 statement of non-opposition to Respondent's motion to dismiss.

**II.**

**DISCUSSION**

16 Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a
17 preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition
18 "[i]f it plainly appears from the face of the petition…that the petition is not entitled to relief."
19 Rule 4 of the Rules Governing 2254 Cases. The Advisory Committee Notes to Rule 8 indicate
20 that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under
21 Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been
22 filed.

23 A petitioner who is in state custody and wishes to collaterally challenge his conviction by
24 a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).
25 The exhaustion doctrine is based on comity to the state court and gives the state court the initial
26 opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501
27 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158,
28 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-10 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000).

Respondent argues in his motion to dismiss that claims two and three of Petitioner's

federal petition are unexhausted because the claims have not been presented to the California Supreme Court. Respondent concedes that claim one of the federal petition is exhausted because Petitioner raised this issue in his petition for review to the California Supreme Court. Upon a review of the record, the court notes that Petitioner has not filed any state habeas petitions. Petitioner filed a petition for review in the California Supreme Court, which included his claim that the prosecution's destruction of the photo line-up violated his due process rights. Petitioner's second and third claims of his federal petition were not raised in the petition for review to the California Supreme Court. Therefore, Petitioner's first claim is exhausted, and he is able to proceed on his first claim. However, Petitioner's other claims have not been presented to the California Supreme Court, and therefore, they are unexhausted.

Therefore, the petition contains unexhausted and exhausted claims, and it is a mixed petition. See Rose, 455 U.S. at 520-22. The Court must dismiss a mixed petition without prejudice to give a petitioner an opportunity to exhaust the claims if he can do so. See Id. at 521-22. However, if a petition contains unexhausted claims, a petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. See Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal.").

### III.

### RECOMMENDATION

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss be GRANTED and the petition for writ of habeas corpus be DISMISSED without prejudice.

Petitioner may, at his option, move to withdraw the unexhausted claims within thirty (30) days of the date of service of this Findings and Recommendation. If Petitioner fails to withdraw the unexhausted claims within the thirty (30) day time frame, the Findings and Recommendation will be submitted to the District Judge for dismissal of the petition. See Rose, 455 U.S. at 520.

Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a

document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections.

Provided Petitioner does not move to withdraw the unexhausted claims, the Finding and Recommendation will then be submitted to the assigned District Judge for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 3, 2015**                    **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE