# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY DANA HASTINGS,<br><br>    Petitioner,<br><br>    v.<br><br>CONNIE GIPSON,<br><br>    Respondent. | Case No. 1:14-cv-01271-LJO-GSA-HC<br><br>ORDER VACATING FINDINGS AND RECOMMENDATION ISSUED MARCH 3, 2015, WHICH RECOMMENDED THAT THE PETITION BE DISMISSED (ECF No. 17)<br><br>ORDER GRANTING PETITIONER'S MOTION TO WITHDRAW CLAIM 3 (ECF No. 18)<br><br>ORDER TO SHOW CAUSE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

Petitioner challenges his 2011 conviction sustained in the Kern County Superior Court for murder and attempted murder while a member of a criminal street gang. Petitioner was sentenced to three consecutive terms of life without the possibility of parole, plus six consecutive terms of twenty-five years to life, plus three consecutive terms of seven years to life, plus a total determinate term of forty-three years. (LD[1] 3).

Petitioner appealed to the California Court of Appeal Fifth Appellate District. (LD 2).

---

[1] "LD" refers to the documents lodged by the Respondent with the Court on January 20, 2015.

1

1 On April 29, 2013, the Fifth Appellate District reversed the conviction on count 10 and
2 instructed the superior court to correct a clerical error in the abstract of judgment, but otherwise
3 affirmed the convictions and judgment. (LD 3).

4 On June 11, 2013, Petitioner filed a petition for review in the California Supreme Court.
5 (LD 4). On August 14, 2013, the California Supreme Court denied the petition for review. (LD
6 5). Petitioner has not filed any habeas petitions in state court.

7 On August 13, 2014, Petitioner filed the instant petition for writ of habeas corpus. He
8 raises the following three claims in his federal petition: 1) Prosecution's destruction of the photo
9 line-up, which was exculpatory evidence, violated his due process rights; 2) Prosecution's
10 improper use of recorded and transcribed jail house informant audio violated his rights; and 3)
11 DNA testing was negative for Petitioner's DNA on the bag of marijuana and the fence, so the
12 DNA testing did not establish that Petitioner was involved in the crimes.

13 On January 16, 2015, Respondent filed a motion to dismiss because Petitioner has not
14 exhausted his second and third claims. (ECF No. 15). Petitioner did not file an opposition or
15 statement of non-opposition to Respondent's motion to dismiss.

16 On March 3, 2015, the Court issued a Findings and Recommendation that recommended
17 that Respondent's motion to dismiss be granted and the petition be dismissed without prejudice.
18 (ECF No. 17). In the Findings and Recommendation, Petitioner was given the option of moving
19 to withdraw the unexhausted claims within thirty (30) days of the date of service of the Findings
20 and Recommendation. On March 9, 2015, Petitioner filed a document entitled "Proof of
21 Exhaustion" that the Court will construe as a motion to withdraw claim three. (ECF No. 18).

## II.

## DISCUSSION

25 Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a
26 preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition
27 "[i]f it plainly appears from the face of the petition…that the petition is not entitled to relief."
28 Rule 4 of the Rules Governing 2254 Cases. The Advisory Committee Notes to Rule 8 indicate

that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-10 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000).

The Court must dismiss a mixed petition without prejudice to give a petitioner an opportunity to exhaust the claims if he can do so. See Rose, 455 U.S. at 521-22. If a petition contains unexhausted claims, a petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal."). A petitioner may also move to withdraw the entire petition, and return to federal court only when he has finally exhausted his state court remedies.[2]

In the Findings and Recommendation issued on March 3, 2015, the undersigned determined that the petition is a mixed petition because it contains unexhausted and exhausted claims. (ECF No. 17 at 4). Specifically, the undersigned found that:

> Petitioner filed a petition for review in the California Supreme Court, which included his claim that the prosecution's destruction of the photo line-up violated his due process rights. Petitioner's second and third claims of his federal petition were not raised in

---

[2] Although the limitations period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is pending in federal court. Duncan v. Walker, 531 U.S. 991 (2001).

> the petition for review to the California Supreme Court. Therefore, Petitioner's first claim is exhausted, and he is able to proceed on his first claim. However, Petitioner's other claims have not been presented to the California Supreme Court, and therefore, they are unexhausted.

(ECF No. 17 at 4).

The Court gave Petitioner the option to withdraw the unexhausted claims within thirty days of the date of service of the Findings and Recommendation. (ECF No. 23 at 4). On March 9, 2015, Petitioner filed a document entitled "Proof of Exhaustion." (ECF No. 18). In this document, Petitioner requests that claim 3 be withdrawn from the petition. (ECF No. 18 at 2). Petitioner also states that he wants to proceed with claims 1 and 2. (ECF No. 18 at 2).

However, the Court had informed Petitioner in the Findings and Recommendation that only claim 1 was exhausted and that the other claims were unexhausted. As Petitioner is moving to withdraw one of the unexhausted claims, the Court will grant his motion to withdraw claim 3. Therefore, the pending petition only contains claims 1 and 2 at this time.

It appears that Petitioner is confused as to which claims are exhausted. In his "Proof of Exhaustion," Petitioner cited a section of the undersigned's October 7, 2014, order to show cause which stated that it appeared that Petitioner had not exhausted grounds 1 and 3. (ECF No. 18 at 1). The Court notes that Petitioner dated his "Proof of Exhaustion" March 4, 2014, so he may not have received the Court's Findings and Recommendation at the time he wrote and submitted his "Proof of Exhaustion."

Therefore, in the interests of justice, the Court will give Petitioner another opportunity to withdraw the unexhausted claim, claim 2, and proceed on the exhausted claim, claim 1. Petitioner may proceed at this time on the exhausted claim in his petition as an alternative to dismissal.

The Court will vacate the Findings and Recommendation issued on March 3, 2015. Petitioner must show cause within thirty days why the petition should not be dismissed for failure to exhaust state court remedies. If Petitioner wishes to proceed on claim 1 in federal court in this action at this time, he may withdraw claim 2 and proceed on claim 1 in this action. Once

again, the Court reiterates that it finds that **claim 1 is exhausted and that claim 2 is unexhausted.**

### III.

### ORDER

Accordingly, IT IS HEREBY ORDERED that:

1) The Findings and Recommendation issued on March 3, 2015 (ECF No. 17) is VACATED;

2) Petitioner's motion to withdraw claim 3 (ECF No. 18) is GRANTED;

3) Claim 3 is DELETED from the petition; and

4) Petitioner is ORDERED to SHOW CAUSE within **thirty (30)** days of the date of service of this Order why the petition should not be dismissed for failure to exhaust state remedies. Petitioner may, at his option, move to withdraw the unexhausted claims within thirty (30) days of the date of service of this Order.

IT IS SO ORDERED.

Dated: **April 27, 2015**              **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE