**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KERRY DANA HASTINGS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CONNIE GIPSON,<br><br>　　　　Respondent. | Case No.  1:14-cv-01271-LJO-GSA (HC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENYING MOTION FOR STAY (ECF No. 22) AND DISMISSING PETITION WITHOUT PREJUDICE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

Petitioner challenges his 2011 conviction sustained in the Kern County Superior Court for murder and attempted murder while a member of a criminal street gang.  Petitioner was sentenced to three consecutive terms of life without the possibility of parole, plus six consecutive terms of twenty-five years to life, plus three consecutive terms of seven years to life, plus a total determinate term of forty-three years.  (LD[1] 3).

Petitioner appealed to the California Court of Appeal Fifth Appellate District.  (LD 2). On April 29, 2013, the Fifth Appellate District reversed the conviction on count 10 and instructed the superior court to correct a clerical error in the abstract of judgment, but otherwise

---

[1] "LD" refers to the documents lodged by the Respondent with the Court on January 20, 2015.

1

affirmed the convictions and judgment. (LD 3). On June 11, 2013, Petitioner filed a petition for review in the California Supreme Court. (LD 4). On August 14, 2013, the California Supreme Court denied the petition for review. (LD 5). Petitioner has not filed any habeas petitions in state court.

On August 13, 2014, Petitioner filed the instant petition for writ of habeas corpus. He raised the following three claims in his federal petition: 1) Prosecution's destruction of the photo line-up, which was exculpatory evidence, violated his due process rights; 2) Prosecution's improper use of recorded and transcribed jail house informant audio violated his rights; and 3) DNA testing was negative for Petitioner's DNA on the bag of marijuana and the fence, so the DNA testing did not establish that Petitioner was involved in the crimes.

On January 16, 2015, Respondent filed a motion to dismiss because Petitioner has not exhausted his second and third claims. (ECF No. 15). Petitioner did not file an opposition or statement of non-opposition to Respondent's motion to dismiss. On March 3, 2015, the Court issued a Findings and Recommendation that recommended that Respondent's motion to dismiss be granted and the petition be dismissed without prejudice. (ECF No. 17). In the Findings and Recommendation, Petitioner was given the option of moving to withdraw the unexhausted claims within thirty (30) days of the date of service of the Findings and Recommendation. On March 9, 2015, Petitioner filed a document entitled "Proof of Exhaustion" that the Court construed as a motion to withdraw claim three. (ECF No. 18). On April 27, 2015, the Court vacated the March 3, 2015 Findings and Recommendation, granted Petitioner's motion to withdraw claim 3, and ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust. (ECF No. 21). On June 8, 2015, Petitioner filed a motion to stay and hold the petition in abeyance while he exhausts the second and third claims. (ECF No. 22). On June 11, 2015, Respondent filed an opposition to Petitioner's motion for stay. (ECF No. 23).

## II.

## DISCUSSION

### A. Preliminary Review

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a

preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition…that the petition is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

**B.  Exhaustion of State Court Remedies**

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-10 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be

> alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000).

The Court must dismiss a mixed petition without prejudice to give a petitioner an opportunity to exhaust the claims if he can do so. See Rose, 455 U.S. at 521-22. However, if a petition contains unexhausted claims, a petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal."). A petitioner may also move to withdraw the entire petition, and return to federal court only when he has finally exhausted his state court remedies.[2]

In the Findings and Recommendation issued on March 3, 2015, the undersigned determined that the petition is a mixed petition because it contains unexhausted and exhausted

---

[2] Although the limitations period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time a federal habeas petition is pending in federal court. Duncan v. Walker, 531 U.S. 991 (2001).

4

claims. (ECF No. 17 at 4). Specifically, the undersigned found that:

> Petitioner filed a petition for review in the California Supreme Court, which included his claim that the prosecution's destruction of the photo line-up violated his due process rights. Petitioner's second and third claims of his federal petition were not raised in the petition for review to the California Supreme Court. Therefore, Petitioner's first claim is exhausted, and he is able to proceed on his first claim. However, Petitioner's other claims have not been presented to the California Supreme Court, and therefore, they are unexhausted.

(ECF No. 17 at 4).

The Court gave Petitioner the option to withdraw the unexhausted claims within thirty days of the date of service of the Findings and Recommendation. (ECF No. 23 at 4). On March 9, 2015, Petitioner filed a document entitled "Proof of Exhaustion." (ECF No. 18). In this document, Petitioner requested that claim 3 be withdrawn from the petition and that he wanted to proceed with claims 1 and 2. (ECF No. 18 at 2). In the April 27, 2015 order, the Court granted Petitioner's claim to withdraw the third claim from the petition and deleted that claim from the petition. (ECF No. 21). The Court also ordered Petitioner to show cause why the petition should not be dismissed for being a mixed petition that contained the unexhausted second claim. (ECF No. 21).

**C. Petitioner's Motion to Stay Petition**

On June 8, 2015, Petitioner filed a motion to stay and hold the petition in abeyance pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002) and King v. Ryan, 564 F.3d 1133 (9th Cir. 2009), while he exhausts the second and third claims in the petition. (ECF No. 22). On June 11, 2015, Respondent filed an opposition to the motion to stay the petition. (ECF No. 23).

A district court has discretion to stay a mixed petition and allow the petitioner to return to state court to exhaust her state remedies. Rhines v. Weber, 544 U.S. 269, 277 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir. 1997). However, the Supreme Court has held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 544 U.S. at 277.

There are two procedures for staying federal habeas petitions so that petitioners may

exhaust claims in state court. See Kelly, 315 F.3d at 1070-71; Rhines, 544 U.S. at 277.

For a Kelly stay, a three-step procedure is used: (1) A petitioner amends his petition to delete any unexhausted claims; (2) The court in its discretion stays the amended, fully exhausted petition, and holds it in abeyance while the petitioner has the opportunity to proceed to state court to exhaust the deleted claims; and (3) Once the claims have been exhausted in state court, the petitioner may return to federal court and amend his federal petition to include the newly-exhausted claims. Kelly, 315 F.3d at 1070-71 (citing Taylor, 134 F.3d at 986). The three-step stay-and-abeyance procedure approved in Kelly is more cumbersome than the Rhines standard, because a petitioner seeking a Kelly stay "will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely." King, 564 F.3d at 1140-41.

Whereas, for a Rhines stay, the district court stays the mixed petition so that the petitioner does not have to dismiss the unexhausted claims from the petition while exhausting his claims in state court. Rhines, 544 U.S. at 277. Therefore, when a petitioner is granted a Rhines stay, there is no limitations issue with regard to the originally unexhausted claims because the claims remain pending in the federal habeas petition while the petitioner exhausts them in state court. See King, 564 F.3d at 1140. In light of AEDPA's objectives, a Rhines stay is "available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines, 544 U.S. at 277.

In this case, Petitioner seeks a stay pursuant to Kelly. Petitioner's motion for a Kelly stay must be denied because he will not be able to amend his unexhausted claims back into his federal petition because they are untimely.[3] The one-year limitations period had already run by the time Petitioner requested a stay. Therefore, Petitioner cannot possibly exhaust his claims in state court and return to federal court in time to file his claims. Also, it appears that Petitioner would not be able to have his amended claims relate back to the filing of the original petition, so he would not be able to add them to his petition after the one-year period expired. See Mayle v.

---

[3] The Court notes that it has already deleted the third claim from the petition at Petitioner's request. However, the Court will also address the third claim in its review of Petitioner's motion for stay.

1  Felix, 545 U.S. 644 (2005).  Petitioner's claims are not tied to a common core of operative facts.
2  In his first claim, Petitioner argues that he was denied due process because of the destruction of a
3  photographic lineup which he claims was exculpatory.  This claim, which is Petitioner's only
4  exhausted claim in his petition, is not tied to a common core of operative facts for Petitioner's
5  second and third claims.  Petitioner's second and third claims involve whether the trial court
6  improperly allowed the use of recorded and transcribed jail house recordings at trial and whether
7  the DNA evidence admitted at trial established  that Petitioner was involved in the crimes.
8  Petitioner's first claim is a destruction of evidence claim, which did not arise out of the same
9  conduct, transaction or occurrence as the recorded and transcribed jail house recordings nor the
10 DNA evidence.  Therefore, Petitioner's motion for a Kelly stay should be denied.

11      It appears that Petitioner is not requesting a stay pursuant to Rhines in his motion for a
12 stay.  Petitioner does not cite Rhines in his motion for a stay and does not discuss good cause for
13 a stay, which is required for a Rhines stay.  However, Petitioner did cite King v. Ryan, which
14 discussed both Kelly and Rhines stays.  Therefore, to the extent that Petitioner requests a Rhines
15 stay in the instant motion for a stay, Petitioner has not shown good cause.  Thus, Petitioner's
16 motion for a stay should be denied.

## III.

## RECOMMENDATION

20      Accordingly, the Court HEREBY RECOMMENDS that:
21      1. Petitioner's motion for a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir.
22         2002), be DENIED.
23      2. To the extent Petitioner requests a stay pursuant to Rhines v. Weber, 544 U.S. 269
24         (2005), it be DENIED; and
25      3. Petitioner's petition for writ of habeas corpus be DISMISSED without prejudice.
26      Petitioner may, at his option, move to withdraw the unexhausted second claim of the
27 petition within thirty (30) days of the date of service of this Findings and Recommendation.
28 Within thirty (30) days after the date of service of this Findings and Recommendation, any party

7

1 may file written objections with the Court and serve a copy on all parties.  Such a document 2 should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies 3 to the Objections shall be served and filed within fourteen (14) days after service of the 4 Objections.

5       The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 6 U.S.C. § 636(b)(1)(C) and Rule 304 of the Local Rules of Practice for the United States District 7 Court, Eastern District of California.  The parties are advised that failure to file objections within 8 the specified time may waive the right to appeal the Order of the District Court.  Wilkerson v. 9 Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th 10 Cir. 1991)).

IT IS SO ORDERED.

Dated: __**July 7, 2015**__            **/s/ Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE