# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY DANA HASTINGS,<br><br>Petitioner,<br><br>v.<br><br>CONNIE GIPSON,<br><br>Respondent. | Case No. 1:14-cv-01271-LJO-EPG-HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 28) |

Petitioner is a state prisoner who filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2252. On August 25, 2015, the Court dismissed the petition and entered judgment. (ECF Nos. 26, 27). On February 29, 2016, the Court received the instant motion for reconsideration of the Court's order dismissing the case. (ECF No. 28).

The Court will review Petitioner's motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or  misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

In the motion for reconsideration, Petitioner does not raise any of the reasons set forth in Rule 60(b)(1)–(5). And for a party to be entitled to relief under Rule 60(b)(6), he must show "'extraordinary circumstances' justifying the reopening of a final judgment," and "[s]uch circumstances will rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (citations omitted). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (citations omitted). Petitioner contends that he lacks legal training and requests the Court's guidance on exhaustion. Petitioner's arguments do not merit reconsideration of the dismissal, and the Court finds that relief under Rule 60(b) is not warranted.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for reconsideration (ECF No. 28) is DENIED.

IT IS SO ORDERED.

Dated:   **August 8, 2016**            /s/ Lawrence J. O'Neill
                                       UNITED STATES CHIEF DISTRICT JUDGE