# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY DANA HASTINGS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CONNIE GIPSON,<br><br>　　　　Respondent. | Case No. 1:14-cv-01271-LJO-EPG-HC<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY FOR DENIAL OF PETITIONER'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 34) |

　　　　Petitioner is a state prisoner proceeding pro se whose petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was dismissed on August 25, 2015. (ECF No. 26). On August 8, 2016, the Court denied Petitioner's Rule 60(b) motion for relief from judgment. (ECF No. 30). Petitioner filed a notice of appeal, and on September 9, 2016, the Ninth Circuit remanded the case to this Court for the limited purpose of granting or denying a certificate of appealability for the denial of Petitioner's Rule 60(b) motion for relief from judgment. (ECF No. 34).

　　　　In his petition, Petitioner claimed: (1) the prosecution's destruction of the photo lineup violated his due process rights; (2) the prosecution's improper use of recorded and transcribed jail house informant audio violated his rights; and (3) DNA testing did not establish that Petitioner was involved in the crimes. On January 16, 2015, Respondent filed a motion to dismiss because Petitioner had not exhausted his second and third claims. (ECF No. 15). Petitioner did not file a response to Respondent's motion to dismiss. On March 3, 2015, the Magistrate Judge issued findings and recommendation that recommended that Respondent's

motion to dismiss be granted and the petition be dismissed without prejudice. (ECF No. 17). In the findings and recommendation, Petitioner was given the option of moving to withdraw the unexhausted claims within thirty days. On March 9, 2015, Petitioner filed a document entitled "Proof of Exhaustion" that the Court construed as a motion to withdraw claim three. (ECF No. 18). On April 27, 2015, the Court vacated the March 3, 2015 findings and recommendation, granted Petitioner's motion to withdraw claim 3, and ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust. (ECF No. 21).

On June 8, 2015, Petitioner filed a motion to stay and hold the petition in abeyance while he exhausts the second and third claims. (ECF No. 22). On July 7, 2015, the Magistrate Judge issued findings and recommendation that recommended that the petition be dismissed without prejudice for being a mixed petition containing unexhausted claims, that Petitioner's motion for a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), be denied, and that Petitioner's motion for a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005), be denied. (ECF No. 24). Petitioner was also given the option of moving to withdraw the unexhausted second claim of the petition within thirty days. Petitioner did not file any objections to the July 7, 2015 findings and recommendation and did not move to withdraw the second claim of the petition. Therefore, on August 25, 2015, the Court adopted the findings and recommendation and dismissed the petition without prejudice. (ECF No. 26).

On February 29, 2016, Petitioner filed a Rule 60(b) motion for reconsideration of the Court's order dismissing the case, stating that he lacks legal training and requesting the Court's guidance on exhaustion (ECF No. 28). On August 8, 2016, the Court denied the motion. (ECF No. 30).

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of relief, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. In United States v. Winkles, the Ninth Circuit held that a certificate of appealability "is required to appeal the denial of a Rule 60(b) motion for relief from judgment arising out of the denial of a section 2255 motion." 795 F.3d 1134, 1142 (9th Cir. 2015). If a court denies a Rule 60(b) motion in a § 2255 proceeding, a

certificate of appealability should only issue if "(1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion and (2) jurists of reason would find it debatable whether the underlying section 2255 motion states a valid claim of the denial of a constitutional right." Winkles, 795 F.3d at 1143. "Given that section 2255 'was intended to mirror § 2254 in operative effect,' and that the language used in sections 2253(c)(1)(A) and (c)(1)(B) is functionally identical," id. at 1141 (citations omitted), the Court will apply the standard set forth in Winkles to determine whether a certificate of appealability should issue regarding Petitioner's appeal of the denial of his Rule 60(b) motion for relief from judgment arising out of the dismissal of his § 2254 petition.

Here, Petitioner has not shown that jurists of reason would find it debatable whether the Court abused its discretion in denying his Rule 60(b) motion for reconsideration. In the motion, Petitioner stated that he lacks legal training and requested the Court's guidance on exhaustion. The Court cannot provide legal advice to litigants, even when they are pro se litigants who lack legal training. Additionally, for a party to be entitled to relief under Rule 60(b)(6), he must show "'extraordinary circumstances' justifying the reopening of a final judgment," and "[s]uch circumstances will rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (citations omitted). As both prongs of the standard must be satisfied and Petitioner has failed to meet one of them, Petitioner is not entitled to a certificate of appealability under Winkles.

Accordingly, the Court hereby DECLINES to issue a certificate of appealability. The Clerk of the Court is DIRECTED to serve a copy of this order on the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated:   **September 15, 2016**          **/s/ Lawrence J. O'Neill**
                                         UNITED STATES CHIEF DISTRICT JUDGE

3